JANER ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 83.—Decided March 9, 1911.

CANCELLATION OF RECORD.—The cancellation of an encumbrance laid on an estate awarded in testamentary proceedings, with the obligation on the part of the person in whose favor the award was made to pay the debts of said estate, does not lie unless the creditors have been previously heard and defeated in court or have consented to said cancellation.

ID.—PROCEEDING TO OBTAIN CANCELLATION.—For the cancellation of the encumbrance referred to in the foregoing paragraph, the parties concerned may avail themselves of the ordinary procedure, through the proper action, without there being any necessity to follow the procedure prescribed in Title XIII of the Mortgage Law, such encumbrance not being among those enumerated under article 347 of said law.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action prosecuted before the Municipal Court for the Judicial District of Caguas by Julio B. Janer Márquez and his wife, Rosa Juliá Santana, against the Estate of Francisco Osuna López for the extinguishment of a debt and the cancellation of an encumbrance, the said court held, by judgment rendered November 25, 1910, that the defendant estate has no right to demand the payment of $450, the value of the property described in the complaint, and that the debt is extinguished; and the court accordingly directed the registrar of property of the district to effect the cancellation

prayed for in the complaint of the encumbrance which appears against the said property in entries second of properties number 1274 and 1235, respectively, at folios 135 and 140 of volume 25 of Caguas.

An order having been issued to the Registrar of Property of Caguas on December 12 following, directing him to effect the cancellation of the encumbrances referred to in the said judgment, the registrar refused to make the cancellation in a decision which, copied literally, reads as follows:

"The cancellation of the encumbrance referred to in the foregoing order is denied on account of the incurable defect that the property subject to the debt referred to was awarded in the testamentary proceedings of María Carballo to the heir, Francisco Osuna López, with the obligation or condition imposed that the party to whom the award was made should become responsible for the debts of the estate, and that obligation constituting a cause for an action of rescission in favor of the creditors of the estate they alone could have consented to the extinguishment or cancellation of the obligation, and they have not consented nor been adjudged so to do by the judgment of November 25 last, quoted in the order, because the defendants in the action wherein that judgment was rendered are not creditors, but, on the contrary, appear to be the debtors, so that title is null and void. Furthermore, it not appearing clearly from the registry who are the creditors of the estate in favor of whom the action for rescission is constituted, it cannot become extinguished except by judgment rendered in proceedings to secure the release of the mortgage by the district court of the district within which the property is situated, the municipal judge being therefore without jurisdiction to release the mortgage and free the property from the encumbrance. A marginal cautionary notice has been entered, effective for 120 days, at the margin of the first records of properties number 1234 and 1235, folios 134 and 139 of volume 25 of this municipality. Caguas, December 17, 1910. The Registrar, S. Abella Bastón."

An appeal was taken from the foregoing decision to this Supreme Court by the interested spouses, who prayed for the reversal thereof and an order directing the registrar to make the cancellation referred to in the judgment rendered by the municipal court.

Having duly considered the grounds upon which the decision appealed from is based, we agree with the Registrar of Property of Caguas that inasmuch as the Estate of Francisco Osuna López—that is to say, the one bound to pay the debts of the Estate of María Carballo—had been sued and defeated in the action, and not the creditors of the estate or those who had a right to collect the debts, the judgment ordering the cancellation refused, which was rendered without hearing the creditors, cannot prejudice them in any respect, and, therefore, it is without legal effect for the purposes sought in the action wherein it was rendered.

For this reason the decision appealed from is affirmed; but we do not see why it is necessary in order to secure the cancellation sought that the procedure for the release of existing encumbrances, governed by Title XIII of the Mortgage Law, should be followed, inasmuch as this case does not fall within those enumerated in article 347 of that title, and the interested parties, therefore, may exercise their rights under the ordinary procedure in the proper action before a court of competent jurisdiction.

In such an action the allegation made in support of this appeal might be applicable.

In support of our opinion we may cite the decisions of the General Directorate of Registries of Spain of April 16, 1878, October 10, 1879, and December 16, 1889.

For the reasons stated the decision appealed from should be affirmed on the ground that the cancellation sought was ordered in an action prosecuted without service of notice upon the interested parties.

*Affirmed.*

Justices Wolf, del Toro, and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.